*3*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**APR 1 7 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| BURNELL MARINE & SUPPLY, INC.; | § | CIVIL ACTION NO. B-00-011 |
| CHARLES R. BURNELL, Individually | § | |
| and d/b/a BURNELL ENTERPRISES; | § | |
| and CHARLES B. BURNELL, Individually | § | |
| and d/b/a BURNELL ENTERPRISES | § | |
| Defendants | § | |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **BURNELL MARINE & SUPPLY, INC., CHARLES R. BURNELL, INDIVIDUALLY (Misnamed As "Charles R. Burnell, Individually and d/b/a Burnell Enterprises"), CHARLES B. BURNELL, INDIVIDUALLY (Misnamed As "Charles B. Burnell, Individually and d/b/a Burnell Enterprises")**, Defendants in the above-styled and numbered cause and file this their Original Answer to Plaintiff, Essex Insurance Company's Original Complaint and Counterclaim and would show the Court more fully as follows:

### I.

### PARTIES

1.    Defendants can neither admit nor deny the allegations in Paragraph 1 under Subsection I as they are without knowledge or information sufficient to form a belief as to the truth of the paragraph.

2.     Defendants admit that Burnell Marine & Supply, Inc. is a Texas Corporation with its principal place of business in Brownsville, Cameron County, Texas and may be served with process by serving its registered agent for service, Charles B. Burnell, at his registered office in Brownsville, Texas but deny the remaining allegations in Paragraph 2 under Subsection I.

3.     Defendants admit that Charles R. Burnell is an individual residing within the State of Texas and may be personally served with process in Brownsville, Texas, but deny the remaining allegations in Paragraph 3 under Subsection I.

4.     Defendants admit that Charles B. Burnell is an individual residing within the State of Texas and may be personally served with process in Brownsville, Texas, but deny the remaining allegations in Paragraph 4 under Subsection I.

II.

## JURISDICTION AND VENUE

5.     Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, but deny the remaining allegations in Paragraph 5 under Subsection II.

6.     Defendant admits the allegations in Paragraph 6 under Subsection II.

III.

## THE UNDERLYING LAWSUIT

7.     Defendants admit that they are parties in the underlying state court action pending in the 357th Judicial District Court of Cameron County, Texas and the truth

and correctness of the live pleadings of Plaintiff in that state court action, but deny

the remaining allegations in Paragraph 7 under Subsection III.

8.      Defendants admit the allegations in Paragraph 8 under Subsection III.

## IV.

## THE INSURANCE POLICY

9.      Defendants admit the allegations in Paragraph 9 under Subsection IV.

10.     Defendants admit, among other things, the policy obligates Essex to defend

and indemnify its "insureds" from damages it must legally pay because of "bodily

injury" or "property damage" caused by an "occurrence", but deny the remaining the

allegations in Paragraph 10 under Subsection IV.

## V.

## DEFENDANT'S DEMANDS

11.     Defendants admit that they maintain that they are entitled to coverage under

the Policy for all of the claims asserted against them in the underlying state court

action, but deny the remaining allegations in Paragraph 11 under Subsection IV.

12.     Defendants admit that Essex has denied that it owes them any coverage for

the claims presently asserted against them in the Underlying Lawsuit, but deny the

remaining allegations in Paragraph 12 under Subsection V.

## VI.

## BASIS FOR DECLARATORY RELIEF

13.     Defendants deny the allegations in Paragraph 13 under Subsection VI.

14.    Defendants admit that the Policy is a Commercial General Liability Insurance Policy and provided "bodily injury and property damage liability" coverage and that Guzman's suit against defendants is for physical injuries as a result of defendants' alleged negligence (i.e. "bodily injury"), but deny the remaining allegations in Paragraph 14 under Subsection VI.

15.    Defendants admit the definitions of "insureds" under Section II of the Policy, but deny the remaining allegations in Paragraph 15 under Subsection VI.

16.    Defendants admit the Policy contains an attached mandatory endorsement entitled "Combination Endorsement M/E-001", but deny the remaining allegations in Paragraph 16 under Subsection VI.

17.    Defendants admit the insurance Policy contains a mandatory endorsement exclusion for "Hiring and/or Supervision" under Combination Endorsement M/E-001, but deny the remaining allegations in Paragraph 17 under Subsection VI.

18.    Defendants admit the Policy contains an "Aircraft, 'Auto', or Watercraft" Exclusion, but deny the remaining allegations in Paragraph 18 under subsection VI.

19.    Defendants admit the boat being repaired at the time of the underlying claim was owned by Swamp Irish, Inc., but deny the remaining allegations in Paragraph 19 under Subsection VI.

20.    Defendants admit the allegations in Paragraph 20 under Subsection VI.

## VII.

## JUSTICIABLE INTEREST

21.    Defendants admit they continue to demand that plaintiff furnish a defense to them in the Underlying Lawsuit and to pay a settlement effected or judgment entered against them herein and that Plaintiff has refused to defend Defendants in the Underlying Lawsuit and have breached the subject policy of insurance, but deny the remaining allegations in Paragraph 21 under Subsection VII.

## VIII.

## ACTUAL CONTROVERSY

22.    Defendants admit the allegations in Paragraph 22 under Subsection VIII.

## IX.

## ATTORNEYS' FEES

23.    Defendants deny the allegations contained in Paragraph 23 under Subsection IX entitled "Attorney's Fees".

## COUNTERCLAIM AND
## DECLARATORY JUDGMENT ACTION

Comes now, Defendants now as Counter-Plaintiffs, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and bring this their Counterclaim and Declaratory Judgment Action and would respectfully show the Court as follows:

CitsPDF - www.feslvo.com

## 1.

## PARTIES

1.1   Counter-Plaintiffs are a Texas corporation doing business in Cameron County, Texas with its principal place of business located in Brownsville, Texas and individuals residing in Cameron County, Texas, respectively.

1.2   Counter-Defendant, Essex Insurance Company is a Virginia insurance company doing business in Cameron County, Texas and within the State of Texas.

## 2.

## SERVICE

2.1   Essex Insurance Company has appeared herein and may be served by serving counsel of record, Steven R. Shattuck and Leslie Echols Pitts, Fanning, Harper & Martinson, P.C., 300 Preston Commons West, 8117 Preston Road, Dallas, Texas 75225.

## 3.

## SUBJECT MATTER JURISDICTION

3.1   This action is brought pursuant to this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.* and Rule 13 of the Federal Rules of Civil Procedure.

4.

## VENUE

4.      Venue of this action in this Court is proper pursuant to 28 U.S.C. §1391

because Counter-Defendant is an insurance company subject to personal jurisdiction

in this district and is therefore deemed a resident of the Southern District of Texas

pursuant to 28 U.S.C. §1391(e).   Additionally, events made the basis of this

declaratory judgment action and permissive counterclaim took place within the

Southern District of Texas.

5.

## FACTS

5.1     The corporate Counter-Plaintiff would show this Court that it conducts a

business engaged in the repair and maintenance of shrimp boats and is the lessee

of certain dock space at the Port of Brownsville from the Brownsville Navigation

District (BND).  The individual Counter Plaintiffs are employed by the corporate

Counter-Plaintiff.    As part of the lease agreement with BND, the corporate

Counter-Plaintiff is required to maintain insurance coverage to cover  any and all

losses on the premises.  The corporate Counter-Plaintiff would show this Court that

it advised James E. Capt of James E. Capt & Associates ("Capt") of the need for

insurance coverage as required by BND and Capt was fully aware of the

requirements for insurance coverage by BND.  Capt advised he would take care of

the matter and would obtain the proper and necessary insurance coverage for the

corporate Counter-Plaintiff to cover any and all losses occurring at the insured's

premises at HC 70, Box 58 in Brownsville, Texas.   Thereafter, the Counter-Defendant issued an  insurance policy  and Counter-Plaintiffs reasonably  relied on Counter-Defendant's agent's representations and actions that the corporation was was fully and properly insured.

## General Liability Insurance Policy

5.2    The Counter-Plaintiffs would further show this Court that the Counter-Defendant issued to Counter-Plaintiffs a general liability insurance policy No. 3CA 8615 ("the policy"), which is attached as Exhibit "B" to Plaintiff's Original Complaint for Declaratory Relief, and incorporated herein by reference as if set forth fully at length herein.  The  relevant policy period in question ran from March 13, 1998 until March 13, 1999.  The policy was issued, written and solicited by the Counter-Defendant and/or its agent and/or for its benefit.  When such individuals and/or entities issued, wrote and solicited the policy, they were doing so in the course and scope of their employment and to further the Counter-Defendant's business.  Among other things, the policy requires the Counter-Defendant to defend and indemnify the Counter-Plaintiffs against any loss and suits brought by third parties against the insureds, which the insureds may become legally obligated to pay, as damages for bodily injuries.

## Resulting Loss And Claims Under The Policy

5.3    On or about April 22, 1998, Ramon Guzman claims that while shoveling cement into buckets, some cement splattered into his right eye, causing him injuries. At the time, Guzman claims he was working at the dock of Burnell Marine & Supply,

Inc. and thereafter filed a lawsuit ("the loss").   Named as Defendants were Counter-

Plaintiffs in a lawsuit styled *Ramon Guzman v. Charles B. Burnell, Individually and

d/b/a Burnell Enterprises, Charles R. Burnell, Individually and d/b/a Burnell

Enterprises, Burnell Marine & Supply, Inc. and Swamp Irish, Inc.* in Cause No. 99-04-

01950-E pending in the 357th Judicial District Court of Cameron County, Texas ("the

357th action").   Requests for affirmative relief are presently pending in the 357th

Judicial District Court of Cameron County, Texas as a result of the loss.   A copy of

the most recent Amended Petition filed in that suit is attached as Exhibit "A" to

Plaintiff's Original Complaint for Declaratory Relief, and incorporated herein by

reference, the same as if fully copied and set forth at length herein.   The Amended

Petition alleges claims for negligence and gross negligence against the Counter-

Plaintiffs for the alleged injuries of Ramon Guzman.

## Demand To Defend And Indemnify And Coverage Basis

5.4     Counter-Plaintiffs have demanded that Counter-Defendant provide a defense

and indemnify them in the above-referenced personal injury suit and loss, which has

been asserted, under the terms of the policy.   Specifically, coverage is afforded to

the named insured, Burnell Marine & Supply, Inc. and its employees, executive

officers, directors and stockholders, while acting within the scope of their duties.

Counter-Plaintiffs would further show this Court that coverage is afforded for bodily

injury sustained by any independent contractor/subcontractor, or any employee,

leased    worker,    temporary    or    volunteer    help    of    any    independent

contractor/subcontractor,   when as here, Burnell Marine may have been on site,

directly supervising the work of the independent contractor/subcontractor at the time

the alleged injury occurred and where it is alleged that Burnell Marine's actions,

inactions or omissions were the direct cause of the alleged injury and/or the alleged

injury was directly caused by an employee of Burnell Marine.  Further,  contractual

liability coverage is afforded for the alleged bodily injury of Ramon Guzman because

the loss occurred subsequent to the execution of a contract or agreement wherein

liability for damages may have been assumed by Burnell Marine and/or for the

liability of the Counter-Plaintiffs that they had  in the absence of this contract or

agreement.  Consequently, additional coverage is afforded for the  insureds under

the policy for contractual liability coverage, as well.  Counter-Plaintiffs reserve the

right to raise any other coverages issues under the policy as well.

### Refusal To Defend And Indemnify

5.5     Counter-Plaintiffs have demanded that Counter-Defendant provide a defense

and indemnify them in the above-referenced personal injury suit and loss, under the

terms of the policy.  Counter-Defendant has declined to do so on the ground that

coverage is not afforded under the policy for claims of employees of Burnell Marine

Supply, Inc. Therefore, Counter-Defendant's position is that there is no duty on it to

defend and indemnify the Counter-Plaintiffs.  The cost of defending the personal

injury action referenced above and loss by the Counter-Plaintiffs shall be determined

by this Court.

**6.**

## CLAIMS AGAINST THE INSURER

### Declaratory Relief

6.1    Counter-Plaintiffs request this Court declare that Counter-Defendant has a duty to defend and indemnify the Counter-Plaintiffs in the personal injury case referenced above and for the loss occasioned by the Counter-Plaintiffs, including but not limited to, the alleged loss of Ramon Guzman, and any other losses occasioned during the policy period of March 13, 1998 until March 13, 1999 ("the policy period"), respectively. Counter-Plaintiffs further request this Court declare that coverage is afforded and that Counter-Defendant defend and indemnify the Counter-Plaintiffs, including any employees, executive officers, directors and stockholders and that they were at all times, acting within the scope of their duties as such, for the loss and any other loss occasioned during the policy period. Furthermore, Counter-Plaintiffs request the Court declare that coverage exists because any alleged actions, inactions or omissions of Burnell & Marine may have been the direct cause of the alleged injury to Ramon Guzman and/or the alleged injury may have been directly caused by an employee of Burnell Marine. Furthermore, Counter-Plaintiffs request the Court declare that coverage, defense and indemnity be afforded to the Counter-Plaintiffs for any "insured contract" as that term is defined under the policy; and for any claims arising out of the loss or any other loss during the policy period as contractual liability coverage claims for

"insured contracts" and that such "insured contracts" be declared relating to the Counter-Plaintiffs' business.

## 7.

## CLAIMS FOR RELIEF

7.1    An actual controversy has arisen and now exists between the parties regarding Essex's duty to provide coverage for the loss of Ramon Guzman to Counter-Plaintiffs.  Declaratory judgment is necessary as shown in Paragraph 6.1 under Subsection 6, because the Counter-Plaintiffs contend Essex owes coverage for the loss in question and therefore request a declaration of their rights under the policy.

7.2    Because of Counter-Defendant's acts, Counter-Plaintiffs were forced to retain attorneys, Patrick Russell of Russell & Alegria, P.C., and Richard E. Zayas, of the law firm of Zayas & Zamora, P.C., Counter-Plaintiffs would show that their attorneys' services are reasonable and necessary, and a recovery of attorneys fees pursuant to law would be fair and just and that all conditions precedent for such a recovery have been met. Additionally, Counter-Plaintiffs seek recovery of their attorney's fees and expenses paid or to be paid  to Patrick Russell of Russell & Allegria, P.C. and Javier González of Royston, Rayzor, Vickery & Williams, L.L.P. in defending the loss in question.

## 8.

## JURY REQUEST

8.      Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Counter-

Plaintiffs request that all issues in this case be tried to a jury and Defendants/Counter-

Plaintiffs hereby tender the appropriate jury fee to the Federal District Clerk for the Southern

District of Texas, Brownsville Division.

## 9.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, **BURNELL MARINE & SUPPLY, INC., CHARLES R. BURNELL, Individually (Misnamed As "Charles R. Burnell, Individually and d/b/a Burnell Enterprises") and CHARLES B. BURNELL, Individually (Misnamed As "Charles B. Burnell, Individually and d/b/a Burnell Enterprises")**, respectfully pray that Essex Insurance Company be cited to appear herein and that on final hearing hereof, Defendant/Counter-Plaintiffs be awarded a judgment against Essex as follows:

9.1    That this Honorable Court declare that Essex Insurance Company has a duty to defend the lawsuit brought against Defendants/Counter-Plaintiffs by Ramon Guzman;

9.2    That this Honorable Court declare that Essex Insurance Company has a duty to provide coverage to Defendants/Counter-Plaintiffs for some or all of the claims

alleged by Ramon Guzman in the lawsuit he has brought against Defendants/Counter-Plaintiffs;

9.2    That Defendants/Counter-Plaintiffs be awarded their attorney's fees incurred in filing and pursuing this declaratory judgment action and also that they be reimbursed for the costs and attorneys fees incurred by them in defending the lawsuit brought by Ramon Guzman;

9.3    That Defendants/Counter-Plaintiffs be awarded their court costs in this action; and

9.5    That Defendants/Counter-Plaintiffs be awarded such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**ZAYAS & ZAMORA, P.C.**

By:_____
Richard E. Zayas
Federal ID No. 16852
Texas Bar #00788744
3100 E. 14th Street
Brownsville, Texas 78521
Tel: (956) 546-5060
Fax: (956) 541-4157

**RUSSELL & ALEGRIA, P.C.**

By:_____
Patrick Russell
Federal ID # 8651
Texas Bar # 17435050
37 West Elizabeth Street
Brownsville, Texas 78520
Tel: (956) 542-6704
Fax: (956) 542-6767

Attorneys for Defendants/Counter-Plaintiffs,

**BURNELL MARINE & SUPPLY, INC., CHARLES R. BURNELL, Individually (Misnamed As "Charles R. Burnell, Individually and d/b/a Burnell Enterprises"), and CHARLES B. BURNELL, Individually (Misnamed As "Charles B. Burnell, Individually and d/b/a Burnell Enterprises")**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the ___*17*__ day of **APRIL, 2000**, a true and correct copy of foregoing was delivered to the foregoing counsel via **CERTIFIED MAIL-RRR::**

           Hon. Steven R. Shattuck
           Hon. Leslie Echols Pitts
           FANNING, HARPER & MARTINSON, P.C.
           300 Preston Commons West
           8117 Preston Road
           Dallas, Texas 75225

                        Patrick Russell