21718/ch

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

MAY 10 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. B-00-011 | |
| § | | |
| BURNELL MARINE & SUPPLY, INC.; § | | |
| CHARLES R. BURNELL, Individually § | | |
| and d/b/a BURNELL ENTERPRISES; § | | |
| and CHARLES B. BURNELL, § | | |
| Individually and d/b/a BURNELL § | | |
| ENTERPRISES. § | | |
| Defendants. § | | |

**COUNTER-DEFENDANT ESSEX INSURANCE COMPANY'S ORIGINAL ANSWER
TO COUNTER-PLAINTIFFS' COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **ESSEX INSURANCE COMPANY ("Essex")**, Plaintiff and Counter-Defendant in the above-styled and numbered civil action, and files this Original Answer to Counter-Plaintiffs' Counterclaim and Declaratory Judgment Action ("Counterclaim"), and in support of same, would respectfully show the Court as follows:

I.

**SPECIFIC ADMISSIONS AND DENIALS**

In response to the allegations contained in the Counterclaim, Essex responds as follows:

1. Essex admits the allegations contained in Paragraph 1.1 of the Counterclaim.

2. Essex admits the allegations contained in Paragraph 1.2 of the Counterclaim.



3. Essex admits the allegations contained in Paragraph 2.1 of the Counterclaim.

4. Essex admits that the Counterclaim is ostensibly brought under Title 28, U.S.C. §2201 *et seq.* (West 1997), and Rule 13 of the Federal Rules of Civil, as alleged in Paragraph 3.1 of the Counterclaim.

5. Essex admits the allegations contained in Paragraph 4.1 of the Counterclaim.

6. Essex admits that it issued the insurance policy the subject of this lawsuit. Essex is without sufficient information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.1 of the Counterclaim and therefore denies same.

7. Essex admits that it issued a Commercial General Liability Insurance Policy, numbered 3CA 8694, effective March 13, 1998 through March 13, 1999, to Defendant Burnell Marine & Supply, Inc., but respectfully refers the Court to the policy for its specific terms and provisions of coverage. Essex denies the remainder of the allegations contained in Paragraph 5.2 of the Counterclaim.

8. With respect to Paragraph 5.3 of the Counterclaim, Essex admits that a suit styled *Ramon Guzman v. Charles B. Burnell, et al.*; Cause No. 99-04-01950-E, has been filed against Defendants in the 357th Judicial District Court of Cameron County, Texas, but respectfully refers the Court to the pleadings of that cause for the specific allegations asserted, and relief sought, therein. Essex admits that the Amended Petition attached to Plaintiff's Original Complaint for Declaratory Relief is the last petition known by Essex to have been filed in the underlying lawsuit.

9. Essex admits that Defendants have demanded a defense and indemnity under the policy of insurance at issue herein. Essex denies the remainder of the allegations asserted in

Paragraph 5.4 of the Counterclaim.

10. Essex admits that it has denied Defendants' demand for a defense and indemnity under the policy for the claims asserted against them in the underlying lawsuit. Essex denies the remainder of the allegations asserted in Paragraph 5.5 of the Counterclaim.

11. Essex admits that Defendants are seeking declaratory relief by their Counterclaim, but denies that Defendants are entitled to any of the relief sought in Paragraph 6.1 of the Counterclaim.

12. Essex admits that an actual controversy exists between the parties as to their respective rights and/or obligations under the policy of insurance at issue herein. Essex denies the remainder of the allegations contained in Paragraph 7.1 of the Counterclaim.

13. Essex denies that Defendants are entitled to any of the relief sought in Paragraph 7.2 of the Counterclaim.

14. Essex denies that Defendants are entitled to any of the relief for which it prays in Paragraph 9 of the Counterclaim.

## II.

## AFFIRMATIVE DEFENSES

For further answer, if such be necessary, Essex affirmatively asserts that it is not liable to Defendants for any of the relief sought in the Counterclaim against it because the allegations in the underlying state court action do not fall within the Policy's terms and provisions of coverage as more fully set out in Plaintiff's Original Complaint on file herein. Plaintiff incorporates the allegations in that Complaint herein by reference as if fully set out.

1. First, none of the allegations asserted against Defendants in the underlying lawsuit involve any of the offenses enumerated in the policy's "personal injury" or "advertising injury" definitions. Similarly, none of the damages asserted by Ramon Guzman fall within the policy's "property damage" definition. As a result, Defendants are not entitled to "personal injury," "advertising injury," or "property damage" liability coverage for the claims asserted against them by Ramon Guzman.

2. Second, to the extent Ramon Guzman's suit against Defendants is for any act or omission by any entity or on behalf of an entity other than the Named Insured (i.e. Burnell Marine & Supply, Inc.), no coverage exists under the Policy.

3. Third, to the extent the underlying lawsuit potentially involves a claim for "bodily injury" under the policy, coverage for Ramon Guzman's claims against Defendants is nevertheless precluded under the policy's "employer's liability," "hiring and/or supervision," "aircraft, auto, or watercraft," and "classification limitation" exclusions, as set forth in Plaintiff's Original Complaint for Declaratory Relief.

4. Finally, to the extent Ramon Guzman's suit against Defendants is for punitive or exemplary damages, coverage is further precluded under the policy's "punitive or exemplary damages" exclusion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff and Counter-Defendant Essex Insurance Company, respectfully requests that the Court deny the relief sought by Counter-Plaintiffs' Counterclaim against it, and that Essex be awarded such other and further relief, at law or in equity, general or specific, to which it may show itself justly entitled.

Respectfully submitted,

**FANNING HARPER & MARTINSON**
A Professional Corporation

By: _____/s/ Steven R. Shattuck_____
**STEVEN R. SHATTUCK**
Attorney in Charge
State Bar No.18133700
Southern District Bar No. 18145
**ALAN P. MOORE**
State Bar No.14320075
Southern District Bar No. 14797
300 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR PLAINTIFF
AND COUNTER-DEFENDANT
ESSEX INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of Counter-Defendant Essex Insurance Company's Original Answer to Counter-Plaintiffs' Counterclaim was delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, by telecopier and certified mail, return receipt requested, as indicated below:

Mr. Patrick Russell
Russell & Alegria, P.C.
37 West Elizabeth Street
Brownsville, Texas 78520

Mr. Richard E. Zayas
Zayas & Zamora, P.C.
3100 E. 14th Street
Brownsville, Texas 78521

on this the 9th day of May, 2000.

_____
STEVEN R. SHATTUCK

**Counter-Defendant Essex Insurance Company's Original Answer to Counter-Plaintiffs' Counterclaim**                                   **Page 6**