5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 2000

Michael N. Milby
Clerk of Court

ESSEX INSURANCE COMPANY          §
     Plaintiff          §
               §
V.          §          CIVIL ACTION NO. B-00-011
               §
BURNELL MARINE & SUPPLY, INC.          §
CHARLES R. BURNELL, Individually          §
and d/b/a BURNELL ENTERPRISES;          §
and CHARLES B. BURNELL, Individually§
and d/b/a BURNELL ENTERPRISES          §
     Defendants          §

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff, ESSEX INSURANCE COMPANY and Defendants, BURNELL MARINE & SUPPLY, INC., CHARLES R. BURNELL, Individually, and CHARLES B. BURNELL, Individually submit this Joint Discovery/Case Management Plan pursuant to the Court's Order and would show as follows:

**1.      State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

Counsel for Plaintiff, Mr. Steven R. Shattuck and counsel for Defendants, Mr. Patrick Russell,, exchanged drafts of this Joint Discovery/Case Management Plan and discussed its contents by telephone prior to its filing on May 31, 2000.

**2.      List the cases related to this one that are pending in any state or federal court with the case number and court.**

(a)      A related case is pending in the 357th Judicial District Court of Cameron County, Texas, under Cause No. 99-04-01950-E, Styled RAMON GUZMAN V. BURNELL MARINE & SUPPLY, INC. CHARLES R. BURNELL,

Individually and d/b/a BURNELL ENTERPRISES; and CHARLES B. BURNELL, Individually and d/b/a BURNELL ENTERPRISES and SWAMP IRISH, INC. The lawsuit seeks unspecified damages for personal injuries against the defendants in this case and others. One or more of the Defendants in this case is insured by Plaintiff.

(b)     A second related case is pending in the 357th Judicial District Court of Cameron County, Texas, under Cause. No. 2000-03-974-E, Styled CHARLES B. BURNELL AND CHARLES R. BURNELL AND BURNELL MARINE & SUPPLY, INC. V. JAMES E. CAPT D/B/A JAMES E. CAPT & ASSOCIATES, ABC LEASING & SALES, INC. AND ESSEX INSURANCE COMPANY. The lawsuit seeks declaratory relief related to the Plaintiffs' demand to defend and indemnify them in connection with Cause No. 99-04-01950-E, above. The lawsuit also seeks unspecified damages for Essex's refusal to defend, violations of the Texas Consumer Protection - Deceptive Trade Practices Act, Misrepresentation, Negligence, Gross Negligence, Breach of Contract, Fraud, Unjust Enrichment, Breach of Fiduciary Duty, and Bad Faith.

## 3.     Specify the allegation of Federal Jurisdiction.

Plaintiff alleges jurisdiction is proper pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 57 as well as diversity of citizenship.

## 4.     Name the parties who disagree and the reasons.

Defendants disagree with jurisdiction based on diversity of citizenship as defendants are aware of no pleading indicating that the amount in controversy in the underlying state court case is in excess of $75,000.00.

## 5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

No additional parties are anticipated at this time.

## 6.     List anticipated interventions.

No interventions are anticipated at this time.

## 7.     Describe class-action issues.

There do not appear to be any class action issues at present.

**8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiffs and defendant have not yet made their initial disclosures but have agreed to do so within 15 days of the signing of this case management plan.

**9.     Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

As stated above, the parties have agreed to exchange initial disclosures within 15 days of the signing of this case management plan.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipates it will propound written discovery to Defendants within 20 days after receiving the initial disclosures.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipates that they will propound written discovery to Plaintiff within two weeks after receiving the initial disclosures.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates it may take the depositions of Charles B. Burnell, Charles R. Burnell and James E. Capt within the next 60 to 90 days.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates it will take the depositions of James E. Capt, Adan Lopez , and Javier De Leon within the next 60 to 90 days.

F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will be able to designate his expert witnesses and provide their reports within the next 90 days.  Defendants expect to designate experts and provide their reports within 30 days of the time Plaintiffs designate their experts.

G.   **List expert depositions the plaintiff(or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff cannot state whether it will depose defendant's experts until it has seen their reports but anticipates that they should be able to depose them within sixty (60) days of their designation.

H.   **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant will depose plaintiffs' experts within 45 days of their designation.

**10.    If the parties are not agreed on n part of the discovery plan, describe the separate views and proposal of each party.**

N/A

**11. Describe the discovery beyond the initial disclosures that has been undertaken to date.**

No discovery has been had to date.

**12.    State the date the planned discovery can reasonably be completed.**

Joint discovery case/management plan                                    Page 4

The parties believe the planned discovery can be completed by September 29, 2000.

**13.   Describe the possibilities for  a prompt settlement or resolution of the case that were discussed in your Rule 26(f)  meeting.**

The parties will exhaust good faith efforts to try to settle the case; however, at this time, prompt settlement of this case does not appear likely.

**14.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties will exhaust good faith efforts to try to settle the case.

**15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this ease.**

If the parties are unable to settle the case through their own direct negotiations, they suggest mediation would be the most appropriate alternative dispute resolution method for this case.  The parties suggest that mediation be held approximately 30 days before trial.

**16.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties are unable to reach an agreement regarding the trial of this case before a magistrate judge.

**17.   State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

**18.   Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate it will take approximately two days to present the evidence.

**19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No motions are pending at this time, however both parties anticipate filing a motion for summary judgment when sufficient discovery is complete.

**20.   List other motions pending.**

No motions are pending at this time.

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

There are no other matters peculiar to this case which will require the special attention of the Court at the conference.

**22.   List the names, bar numbers, addresses and telephone numbers of all counsel.**

Attorneys for PLAINTIFF, Essex Insurance Company:

Steven R. Shattuck, State Bar No. 18133700, Fed I.D. No. 18145

Alan P. Moore, State Bar No. 14320075, Fed. I.D. No. 14797

Fanning, Harper, & Martinson, P.C.
300 Preston Commons, West
8117 Preston Road
Dallas, Texas 75225
(214) 369-1300
(214) 987-9649 (facsimile)

Attorneys for Defendants, BURNELL MARINE & SUPPLY, INC., CHARLES R. BURNELL, Individually, and CHARLES B. BURNELL, Individually

Patrick Russell, State Bar No. 17435050, S.D. No. 8651

Russell & Alegria, P.C.
37 West Elizabeth Street
Brownsville, Texas 78520
(956) 542-6704
(956) 542-6767 (facsimile)

Richard E. Zayas, State Bar No. 00788744, Fed I.D. No. 16852

Zayas & Zamora, P.C.
3100 East 14th Street
Brownsville, Texas 78521
(956) 546-5060
(956) 541-4157 (facsimile)

Counsel for Plaintiff                          Date: 5/31/00

Counsel for Defendant                          Date: 6/1/00

Counsel for Defendant *                         Date: 6/1/00

* Signed with permission by Patrick Russell.      G:\WP6\PRETRIAL\A0-258 Initial pre-trial.wpd